IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA                    *

        v.                                *          CRIMINAL NO.: WDQ-12-0040

DAHEEM BRYANT-ROYAL                         *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

    Daheem Bryant-Royal is charged with two counts of sexual abuse.  For the following reasons, the Court will grant his motion to dismiss Count Two of the superseding indictment.

I. Background

    On September 4, 2011, Bryant-Royal had sex with the complaining witness on base at Fort Meade, Maryland.[1]  The Government asserts that Bryant-Royal was 21 and the complaining witness was 15.[2]

    On January 25, 2012, Bryant-Royal was indicted for sexual abuse of a minor, in violation of 18 U.S.C. § 2243.  The indictment charged that Bryant-Royal had

> knowingly engage[d] in a sexual act with another person who had attained the age of 12 years but had not attained the age of 16 years and was at least four

---

[1] *See* Superseding Indictment, ECF No. 15.  Defense counsel has said that Bryant-Royal will stipulate that he had sex with the complaining witness.

[2] Bryant-Royal has not stipulated to the age of the parties.  *See* ECF No. 40 at 2 n.1.

> years younger than the defendant; to wit, defendant
> [had] engaged in anal and vaginal intercourse with a
> 15-year-old female at a residence in Ft. Meade,
> Maryland.

Indictment, ECF No. 1.

On March 28, 2012, a superseding indictment added a second

charge: sexual abuse, in violation of 18 U.S.C. § 2242(2).

Count Two charged that Bryant-Royal had

> knowingly engage[d] in a sexual act with another
> person who was incapable of appraising the nature of
> the conduct and physically incapable of declining
> participation in and communicating unwillingness to
> engage in that sexual act; to wit, the defendant had
> anal and vaginal intercourse with a 15-year old female
> at a residence in Fort Meade, Maryland.

ECF No. 15 at 2.

On July 18, 2012, Bryant-Royal moved to dismiss Count Two

of the superseding indictment for multiplicity and failure to

state an offense. ECF No. 27. Bryant-Royal argued that Count

Two was "facially invalid" because it alleged only that he had

had sex with a 15-year-old female, which did not establish a

violation of § 2242. *See* ECF No. 27 at 2. Bryant-Royal also

argued that Count Two was multiplicitous because it alleged

"precisely the same conduct as alleged in Count One." *Id.*

On July 27, 2012, the Government opposed the motion to

dismiss. ECF No. 36 (sealed). In its opposition, the

Government provided its theory of the case: the complaining

witness, "who is slight in build and stature, drank alcohol [at

a party] and became heavily intoxicated to the point where she

2

could not walk without assistance"; Bryant-Royal and four other people helped the complaining witness to a car; the driver took the group "back to base" and the complaining witness "thereafter lost consciousness"; the complaining witness "had to be carried into the bathroom where she continued to get sick and lay on the bathroom floor"; "[a]t one point when she 'came to,' [Bryant-Royal] was standing behind her, holding her over the sink, and he was repeatedly penetrating her vagina and anus with his penis"; the complaining witness "told [Bryant-Royal] 'no' and told him to stop, but he continued to penetrate her"; and "she tried to struggle against the defendant while he was assaulting her, but she was physically unable based on her sickness." *Id.* at 2-3.

On July 31, 2012, Bryant-Royal filed a reply, arguing that the Government's theory of the case was inconsistent with the indictment. *See* ECF No. 40 at 2-3. He argued that, according to the indictment, "[t]he entire basis for the Government believing [that] [he] [had] violated both statutes was the age of the complaining witness"--not her alleged unconsciousness. *Id.* He stated that "the Defense [wa]s prepared to defend the case as indicted," but would need "sufficient time to prepare and acquire experts" to discredit the Government's contention that the complaining witness was unconscious during the alleged assault. *Id.* at 3.

3

On August 1, 2012, the Court held a phone conference with the parties. The Government stated that a toxicology report had shown no alcohol or drugs in the complaining witness's blood sometime after the alleged assault.[3] Nonetheless, the Government said that it intended to call "several different witnesses," including the complaining witness, who would testify about "what she drank that night and what her state of being was." Defense counsel renewed his argument that the Government had not charged Bryant-Royal with sexual abuse of an incapacitated person; he argued that, if the Court did not dismiss Count Two, it should grant a continuance to allow the Defense to obtain a toxicology expert to disprove the Government's "bizarre argument." The Government countered that no delay was warranted because the Defense had been on notice "since the inception of the case"-- through discussions with counsel and discovery--that the "victim [had been] severely intoxicated" at the time of the charged offense.

II. Analysis

Bryant-Royal argues that Count Two fails to state an offense and is multiplicitous. ECF No. 27.

---

[3] The Defense said that the toxicology test was "a couple of hours" after the alleged assault; the Government said that it was "much later than that."

1. Sufficiency of the Indictment

"One of the principal purposes of an indictment is to apprise the accused of the charge or charges against him so he can prepare his defense." *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir. 1990).  Thus, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense,"[4] and "fairly inform[] a defendant of the charge against which he must defend[.]"[5]

"[S]imply parroting the language of the statute in the indictment is insufficient."[6]  "Where guilt depends . . . upon . . . a specific identification of fact, . . . an indictment must do more than simply repeat the language of the criminal statute."[7]  Thus, "[w]hen the words of a statute are used to

---

[4] Fed. R. Civ. P. 7(c)(1).

[5] *United States v. Hamling*, 418 U.S. 87, 117 (1974).  *See also United States v. Bolden*, 325 F.2d 471, 490 (4th Cir. 2003) ("A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense.").

[6] *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). *Cf. United States v. Berlin*, 472 F.2d 1002, 1007 (2d Cir. 1973) (if merely citing the statute "were enough to cure a deficient statement, then almost no indictment would be vulnerable to attack; for it is common practice . . . to cite the statute that is alleged to have been violated"), *cited in United States v. Hooker*, 841 F.2d 1225, 1228 (4th Cir. 1988).

[7] *Hamling*, 418 U.S. at 118 (*citing Russell v. United States*, 269 U.S. 749, 764 (1962) (indictments charging refusal to answer

describe the offense generally, they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Brandon*, 298 F.3d at 310 (*quoting Hamling*, 418 U.S. at 117-18). "[I]n testing the sufficiency of an indictment, it is the statement of facts in the pleading, rather than the statutory citation that is controlling[.]" *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988).

Although "indictments . . . are construed more liberally after [a] verdict," *see Finn v. United States*, 256 F.2d 304, 307 (4th Cir. 1958), "heightened scrutiny" applies when a defendant challenges the sufficiency of the indictment before the verdict.[8]

Section 2242(2) criminalizes "a sexual act with another person if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in,

---

questions before a congressional subcommittee were insufficient because they did not identify the subject of the subcommittee's investigation; the statute criminalized only the refusal to answer "question[s] pertinent to the subject under inquiry")). *See also United States v. Kay*, 359 F.3d 738, 756-57 (5th Cir. 2004) ("The cases in which an indictment that parrots the statute is held to be insufficient turn on a determination that the factual information that is *not* alleged goes to the very *core of criminality* under the statute.") (emphasis in original).

[8] *See United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir. 1994); *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir. 1988).

that sexual act."   18 U.S.C. § 2242(2).

Count Two of the superseding indictment charges that Bryant-Royal

> knowingly engage[d] in a sexual act with another
> person who was incapable of appraising the nature of
> the conduct and physically incapable of declining
> participation in and communicating unwillingness to
> engage in that sexual act; to wit, the defendant had
> anal and vaginal intercourse with a 15-year old female
> at a residence in Fort Meade, Maryland.

ECF No. 15 at 2.   The majority of the count merely parrots the language of the statute, which is insufficient to fairly inform Bryant-Royal of the nature of the charge against him. *See Brandon*, 298 F.3d at 310; ECF No. 15 at 2.   The only facts asserted with respect to Bryant-Royal follow the phrase "to wit"[9]: Bryant-Royal "had anal and vaginal intercourse with a 15-year old female at a residence in Fort Meade, Maryland."   ECF No. 15 at 2.

Applying a "heightened scrutiny" to this language, *see Darby*, 37 F.3d 1059, 1063, one could read Count Two as alleging that the complaining witness was incapacitated because of her age.   Alternatively, one could read the language following "to wit" as modifying only the sexual act alleged.   Under this reading, Count Two provides no explanation for how or why the complaining witness was incapacitated.

---

[9] "To wit" means "that is to say," or "namely."   *See* Black's Law Dictionary (9th ed. 2009).

The "very core of criminality under the statute" is the victim's inability to consent. *See Kay*, 359 F.3d at 756-57. Thus, Bryant-Royal's "guilt depends . . . upon . . . a specific identification of fact"[10]--that is, whether the complaining witness was incapacitated. A person may be "physically incapable of declining participation in" or "communicating unwillingness" to engage in a sexual act because she is intoxicated,[11] asleep,[12] physically disabled, or sick. A person may be incapable of appraising the nature of the conduct because of a developmental disability or the influence of drugs.

Although the crime is the same no matter the cause of the victim's incapacity, the absence of specific details hinders a defendant's ability to prepare his defense--"[o]ne of the principal purposes of an indictment." *See Fogel*, 901 F.2d at 25. A defendant who aims to show that the complaining witness was not intoxicated, for example, will seek and present different evidence than a defendant aiming to show the absence of a developmental disability.

The Government argues that the superseding indictment

---

[10] *See Hamling*, 418 U.S. at 118.

[11] *See, e.g.*, *United States v. Barrett*, 937 F.2d 1346 (8th Cir. 1991).

[12] *See, e.g.*, *United States v. Fasthorse*, 639 F.3d 1182 (9th Cir. 2011).

"states the essential facts constituting the offense" because it charges Bryant-Royal with having sex "with a 15-year old female who was incapable of consent."  ECF No. 36 at 4 (sealed).  But the Government points to no facts in the superseding indictment to support its conclusion that the complaining witness was "incapable of consent."  Count Two merely tracks the text of the statute, which "describe[s] the offense generally"; but a valid indictment must also provide "a statement of the facts and circumstances as will inform [Bryant-Royal] of the specific offense . . . with which he is charged."  See *Brandon*, 298 F.3d at 310.  Although the Government asserts that the complaining witness was intoxicated and "physically unable" to stop the assault "based on her sickness," *see* ECF No. 36 at 2-3, no such facts were alleged in the superseding indictment.[13]  Thus, Count Two is invalid.[14]

That the Government provided notice of its theory in discovery and conversations with counsel does not defeat Bryant-

---

[13] The Government has not argued--and, thus, the Court need not decide whether--an indictment sufficiently charges a violation under § 2243(2) when it asserts incapacitation solely on the basis of the complaining witness's age.  However, the Court is aware of no case in which the incapacitation of a 15-year-old was shown merely by virtue of her age.

[14] Because Count Two is insufficient, the Court need not decide whether it is multiplicitous.

Royal's motion to dismiss.[15]  "The remedy for an insufficient indictment is to dismiss the charge." *United States v. Salman*, 189 F. Supp. 2d 360, 362-63 (E.D. Va. 2002).  "[A] bill of particulars cannot save an invalid indictment," and an indictment "may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell*, 369 U.S. at 770.  Accordingly, the Court will grant Bryant-Royal's motion to dismiss Count Two of the superseding indictment.

III. Conclusion

For the foregoing reasons, the Court will grant Bryant-Royal's motion to dismiss Count Two of the superseding indictment.

_____8/6/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[15] *Cf. Hooker*, 841 F.2d at 1230 (motion to dismiss indictment was not "self-defeating merely because the motion could not have been brought without actual notice of the missing element").