IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO.: WDQ-12-0040

DAHEEM BRYANT-ROYAL

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Daheem Bryant-Royal was convicted of sexual abuse of a minor. Pending is his motion for a new trial. For the following reasons, the motion will be denied.

I. Background

During the early morning of September 4, 2011, Bryant-Royal, then 21, had intercourse with the complainant, then 15. On January 25, 2012, Bryant-Royal was charged with one count of sexual abuse of a minor in violation of 18 U.S.C. § 2243. ECF No. 1. On March 28, 2012, the grand jury returned a superseding indictment adding a count of sexual abuse in violation of 18 U.S.C. § 2242(2). ECF No. 15. On August 6, 2012, the Court dismissed the sexual abuse charge. ECF No. 53. On August 7, 2012, the second superseding indictment repled and reinstituted the charge. ECF No. 55.

On December 10, 2012, the Court began a jury trial. On December 18, 2012, the jury found Bryant-Royal guilty of sexual abuse of a minor, but could not reach a verdict on the sexual abuse count.

Throughout trial, Bryant-Royal asserted that he was unable to contact the complainant's friends who had witnessed pertinent events and were not present at trial. Although it did not provide the defense with the witnesses' contact information, the government asserted that compulsory process was available to the defense.[1] See Fed. R. Crim. P. 17. The Court instructed the jury that each party "had an equal opportunity or lack of opportunity" to call uncalled witnesses.

After the trial, the Court permitted counsel to speak with willing members of the jury. According to Bryant-Royal's counsel, "the jury informed the Defense they did not accept the argument that the Defense did not have equal access to witnesses and this impacted their decision to convict." ECF No. 112 at 2 (unsworn motion). He also asserts that the government told jurors that "Bryant-Royal will be retried *and* they were considering charging him with forcible rape." Id. (emphasis in original).

---

[1] The government also asserts that it "is not required, and routinely does not, provide personal contact information such as addresses and telephone numbers of its witnesses to the defense--particularly in cases involving a minor victim and minor witnesses." ECF No. 113 at 3.

Assistant U.S. Attorney Sandra Wilkinson, who was present for the verdict but did not try the case, swears that the government did not state that Bryant-Royal will be retried, noting that consultation with the U.S. Attorney and other supervisors is required for retrial. ECF No. 113-1 ¶ 6. She heard members of the jury indicate that they believed that Bryant-Royal had forcibly raped the complainant and asked why the government had not charged that crime. *Id.* ¶ 7. Finally, Wilkinson did not "hear any juror member [state] that the issue of equal access to witnesses 'impacted their decision to convict.' Rather, one or two jury members [stated] the belief that both parties have the power to subpoena witnesses to Court." *Id.* ¶ 8.

On January 2, 2013, Bryant-Royal moved for a new trial. ECF No. 112. On January 22, 2013, the government opposed the motion. ECF No. 113. Bryant-Royal did not reply. On March 25, 2013, the government informed the Court and defense counsel that it does not intend to retry the sexual abuse count.

II. Analysis

Bryant-Royal asserts that he should receive a new trial because he was unable to contact witnesses, and the jury convicted him because it did not accept this argument. ECF No. 112. The government asserts that the interests of justice do not require a new trial. ECF No. 113.

3

Under Fed. R. Crim P. 33(a), "the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." The Fourth Circuit has instructed that the Court "should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." *United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (internal quotation marks omitted).

Bryant-Royal has provided no authority to support a new trial in this case, but greatly relies on his belief that the government would retry the sexual abuse charge. See ECF No. 112. As the government has since stated that it will not retry Bryant-Royal, that basis for his argument fails. Further, Bryant-Royal could have compelled any absent witnesses to appear at trial under Fed. R. Crim. P. 17. Even if the defense had interviewed and compelled the testimony of any additional witnesses, it is not clear what testimony these witnesses would have added. The jury convicted Bryant-Royal of having intercourse with the complainant, who was under 16 and four years younger than him,[2] implicitly rejecting any defense that he

---

[2] The government was not required to prove that Bryant-Royal knew the complainant's age or that the "requisite age difference existed." 18 U.S.C. § 2243(d).

4

believed that she was 16 or older.[3]  See 18 U.S.C. § 2243(a), (c)(1).  This conclusion was amply supported by the evidence.

The Court may not consider jurors' evidence about "any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment."[4]  Fed. R. Evid. 606(b)(1).  Although the parties dispute what members of the jury said about its decision-making, the Court may not use the conflicting versions of such evidence to overturn the verdict.

Because Bryant-Royal has provided no authority for his motion, compulsory process was available to him, and the Court may not consider the jurors' statements, Bryant-Royal has not shown that justice requires a new trial.  This is not that rare circumstance when the evidence "heavily weighs against" the verdict.  See Smith, 451 F.3d at 217.  Accordingly, the motion will be denied.

---

[3] Although Bryant-Royal did not testify, because the jury saw the complainant and could have made judgments about the age she had appeared to be, the Court instructed the jury on the affirmative defense.

[4] Neither version of the jurors' statement implicates the three exceptions to this rule: the receipt of extraneous prejudicial information, improper outside influences on the jury, or mistakes on the verdict form.  See Fed. R. Civ. 606(b)(2).

III. Conclusion

For the reasons stated above, Bryant-Royal's motion for a new trial will be denied.

_____7/3/13_____                    [signature]
Date                                    _____
                                        William D. Quarles, Jr.
                                        United States District Judge